# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By DReese at 11:08 am, Jun 21, 2017

In re: )
)  Chapter 7
KEITH A. FAUVIE, )
)  Number 15-40635-EJC
         *Debtor*. )
)

## MEMORANDUM OPINION ON TRUSTEE'S MOTION TO REOPEN

Pending before the Court is the Motion to Reopen Case and to Set Aside Report of Inventory, Abandonment and No Distribution ("Motion to Reopen") filed by the Chapter 7 trustee, James L. Drake, Jr. (the "Trustee"). (Dckt. 43). In his motion, the Trustee requests that this Court reopen the instant chapter 7 case over a year after its closing so that the Trustee may revoke his abandonment of certain assets that he attempted, unsuccessfully, to sell during the pendency of this case. Having now received offers to purchase these assets, the Trustee seeks to sell them to create a fund from which to pay creditors. For the reasons set forth below, the Court will deny the Trustee's Motion to Reopen.

## I. JURISDICTION

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by then Chief Judge Anthony A. Alaimo on July 13, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTS

On May 1, 2015, Keith A. Fauvie (the "Debtor") filed the instant chapter 7 bankruptcy case. (Dckt. 1). In his bankruptcy schedules, the Debtor listed among his assets a 1978 Chevrolet Corvette[1] valued at $9,000.00 and a 2003 Stingray CS 220 boat and motor[2] valued at $9,100.00. (Dckt. 1, p. 14). The Debtor claimed a $1,500.00 exemption in the Corvette, but did not claim an exemption in the Stingray boat. (Dckt. 1, p. 16). Although initially encumbered by a judicial lien[3], the Trustee identified these assets as a potential source of funds from which to pay creditors.

On June 4, 2015, the Trustee conducted the § 341 Meeting and filed his report indicating that this case was a "possible asset case." (Dckt. 14). Shortly thereafter, on June 17, 2015, the Trustee filed a Notice of Possible Recovery of Assets and requested that the Court fix a claims bar date, which the Court set as September 18, 2015. (Dckt. 21, 22). Only three (3) proofs of claim were filed: a $5,207.33 claim held by Capital One Bank (Claims Register 1-1), a $4,339.49 claim held by EnerBank USA (Claims Register 2-1) and a $6,279.13 claim held by Wells Fargo Card Services (Claims Register 3-1).

On June 25, 2015, the Trustee filed an application to employ himself as

---

[1] In his Schedule "B", the Debtor states that the Corvette was "recently titled in his wife's name." (Dckt. 1, p. 14). According to the Debtor's Amended Statement of Financial Affairs, he transferred the title into his wife's name "for registration purposes." (Dckt. 11, p. 4).

[2] The Court will refer to the boat and motor as one asset, the "Stingray boat."

[3] According to the Debtor's schedules, the U.S. Small Business Administration held a judicial lien on all of the Debtor's personal property at the time of filing. (Dckt. 1). However, this judicial lien was avoided by the Debtor pursuant to 11 U.S.C. § 522(f) on June 12, 2015. (Dckt. 18).

attorney for the Trustee (dckt. 26) and Donald L. James, Jr. as an accountant (dckt. 27). At some point, the Trustee also engaged Mike Bohannon to sell the 1978 Corvette and 2003 Stingray boat, but no application to employ Bohannon was ever filed by the Trustee. Bohannon did not sell either the Corvette or the Stingray boat, although it is unclear what efforts he made, if any, to market these assets[4]. Had these assets been sold, the non-exempt equity would have been sufficient to make a substantial distribution to the three creditors who filed claims.

On September 14, 2015, the Court granted the Debtor a discharge under 11 U.S.C. § 727. (Dckt. 39). Having apparently decided this was no longer an asset case, the Trustee filed his Chapter 7 Trustee's Report of No Distribution[5] on January 12, 2016. In his report, the Trustee states:

> I, James L. Drake, Jr., having been appointed trustee of the estate of [the Debtor], report that I have neither received any property nor paid any money on account of this estate; that <u>I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of [the Debtor] has been fully administered.</u> I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 9 months. Assets Abandoned (without

---

[4] The simplest way for a chapter 7 trustee to sell automobiles and boats is through a local auction house. Auctioneers charge a nominal fee and will even pick up the vehicles and boats for a trustee. However, the Trustee described Bohannon as a "salesman," not a licensed auctioneer.

[5] In this district, the Trustee's report is no longer filed in document form. Instead, it simply appears as a minute entry on the Court's docket and is not given a docket number.

deducting any secured claims): $ 274,507.00[6], Assets Exempt: $ 36,143.00, Claims Scheduled: $ 390,599.80, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 390,599.80. [emphasis added].

On February 12, 2016, the Court entered its Final Decree, which closed the Debtor's chapter 7 case and discharged the Trustee from his duties in the case. (Dckt. 42). On May 2, 2017, over a year after this case was closed, the Trustee filed the instant Motion to Reopen[7] asking the Court to reopen the Debtor's case and set aside his Report of No Distribution so that he may sell the Debtor's Corvette and the Stingray boat. (Dckt. 43). In his motion, the Trustee advises that he attempted unsuccessfully to sell these items of personal property during the pendency of the Debtor's case, but he has recently received cash offers to purchase both assets. *Id.*

The Court held a hearing on the Motion to Reopen on May 25, 2017. At the hearing, counsel for Trustee stated that the Trustee hired Bohannon to take possession of the Corvette and the Stingray boat, put them in a condition to sell, and then sell them. After Bohannon did not receive any offers, the Trustee decided to file his Report of No Distribution and close the Debtor's case. However, Bohannon has apparently remained in

---

[6]This figure is equal to the value of all of the Debtor's scheduled assets (after deducting the Debtor's claimed exemptions), including the Corvette and Stingray boat.

[7] The Court questions whether the Trustee, who has been discharged in this case, has standing to bring such a motion. *See In re Ayoub*, 72 B.R. 808 (Bankr. M.D. Fla. 1987) (holding that discharged trustee has no cognizable interest in a closed case); *but see In re Stanke*, 41 B.R. 379 (Bankr. W.D. Mo. 1984) (former trustee was a party in interest who could move to reopen). However, the Court need not address this issue because it will deny the Trustee's Motion to Reopen on its merits.

4

possession of the automobile and boat[8] since the closing of the Debtor's case and has now identified buyers for these assets. The Debtor opposes the reopening of the case and desires to have the property returned to him.

### III. CONCLUSIONS OF LAW

#### A. Abandonment of the Assets

Pursuant to 11 U.S.C. § 554(c), "[u]nless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C. § 554(c). Here, there is no dispute that the Debtor listed the Corvette automobile and the Stingray boat in his Schedule "B". Accordingly, these assets, which remained unadministered at the time the Debtor's case was closed, were deemed abandoned to the debtor under § 554(c). *In re Harvey*, 356 B.R. 557, 564 (Bankr. S.D. Ga. Sept. 1, 2006) (J. Davis); *In re Hunt*, 2004 WL 584035 at *2 (Bankr. N.D. Ga. 2004). However, the Trustee now seeks to reopen this case so that he may revoke such abandonment and administer the two scheduled assets for the benefit of the Debtor's creditors.

#### B. Reopening of the Debtor's Case

Section 350(b) of the Bankruptcy Code authorizes courts to reopen cases "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A court has broad discretion in the reopening of a case and the decision to reopen depends upon

---

[8]It is not clear why the Trustee remains in possession of the Debtor's property, which has been abandoned for over a year. But, it may be because the Debtor moved to McDonough, Georgia sometime prior to February 1, 2016, as reflected in the Notice of Change of Address filed by Debtor's counsel. (Dckt. 41). Regardless, once abandoned, the Corvette and Stingray boat should have been made available to the Debtor.

the circumstances of the individual case. *Apex Oil Co. v. Sparks (In re Apex Oil Co.)*, 406 F.3d 538 (8th Cir. 2005); *Hawkins v. Landmark Finance Company (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir. 1984).

There is some disagreement among courts as to whether a case may be reopened to allow for the administration of assets that have been previously abandoned pursuant to § 554(c). A few courts have held that the reopening of a case automatically revokes any technical abandonment under § 554(c). *E.g., Compass Bank for Sav. v. Billingham (In re Graves)*, 212 B.R. 692, 695–96 (1st Cir. BAP 1997); *In re Figlio*, 193 B.R. 420 (Bankr. D. N.J. 1996). Most courts have determined that the better view is that the reopening of a case does not automatically revoke an abandonment under § 554(c) because abandonment is generally irrevocable. *See, e.g. In re Adair*, 253 B.R. 85, 88 (9th Cir. BAP 2000) ("[A]bandonment is irrevocable, even if it is subsequently discovered that the abandoned property had greater value than previously believed."); *In re Brio Refining Inc.*, 86 B.R. 487, 490 (N.D. Tex. 1988) ("Once the abandonment is final, the abandonment is irrevocable...."). Even under this view, however, courts recognize two principal exceptions to the rule of irrevocable abandonment.

First, a case may be reopened to administer an asset that was unknown to the trustee. *E.g., In re Pinks*, 531 B.R. 114 (Bankr. D. S.C. 2015) ("Generally, an estate should be reopened to administer assets only if the asset was unknown at the time the case was closed."); *In re Plusfunds Group, Inc.*, 492 B.R. 202, 209 (Bankr. S.D.N.Y. 2013). Second, the abandonment of a disclosed asset may be revoked where disclosure of the asset was

incomplete or misleading. *E.g.*, *Adair*, 253 B.R. at 88 ("Revocation of abandonment is appropriate when the trustee is misled by false or incomplete information."); *Russell v. Tadlock (In re Tadlock)*, 338 B.R. 436, 439 (10th Cir. BAP. 2006).

Neither of these exceptions are applicable here. In this case, the Trustee took possession of both the Corvette automobile and the Stingray boat during the Debtor's bankruptcy, and thus clearly had knowledge of their existence and had an opportunity to administer these assets prior to closing of the case. Further, there is no evidence suggesting that the Debtor's disclosure of these two assets was incomplete or misleading. Accordingly, the Court finds that no cause exists to allow the Trustee to reopen this case to revoke his abandonment of the Corvette[9] and the Stingray boat.

### IV. CONCLUSION

Although § 350(b) authorizes the reopening of a case to administer assets, it is intended only to permit the administration of assets that were either previously unknown to the trustee or insufficiently disclosed by the Debtor. Neither of those situations are present here. The Court will not allow the Trustee to reopen this case to administer assets that he abandoned over a year ago after he was unable to sell them during the pendency of the Debtor's case. Accordingly, the Court will enter a separate order denying the Trustee's

---

[9] As to the Corvette, a separate ground for denying the Motion to Reopen may exist in this case. The Corvette is currently titled in the name of the Debtor's wife. To sell the vehicle, the Trustee would likely need to first file an adversary proceeding to avoid the Debtor's pre-petition transfer of title to his wife. However, it appears that the deadline to bring such an avoidance action has already passed. *See* 11 U.S.C. § 546(a). Accordingly, to reopen this case to sell the Corvette would be futile, and thus inappropriate, because the Trustee does not have title to the vehicle. *In re Jenkins*, 330 B.R. 625, 628 (Bankr. E.D. Tenn. 2005) ("[C]ourts do not reopen cases if doing so would be futile.").

Motion to Reopen (dckt. 43).

Dated at Savannah, Georgia, this 21st day of June, 2017.

_____
Edward J. Coleman, III, Judge
United States Bankruptcy Court
Southern District of Georgia